ITHACA TRANSPORTATION SERVICE, INC., Plaintiff, *v.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS LOCAL UNION No. 529, Defendant.

Supreme Court, Trial Term, Steuben County, June 20, 1953.

*Burke & Burke* for plaintiff.

*McMahon & Crotty* for defendant.

GILBERT, J. This motion is made for a temporary injunction pending the trial of the above-entitled action. The matter was brought on by an order to show cause, and a hearing was had before this court at the Steuben Trial Term, held in Bath, New York, on June 15, 1953.

The plaintiff is engaged in interstate commerce. Consequently, if the subject matter of the action involves a labor dispute, as defined by the Federal statute, this court is without jurisdiction in the matter. Also, if the subject matter comes within the purview of section 876-a of the Civil Practice Act, the proofs before the court would not warrant the relief asked.

The facts are little, if any, in dispute, and are briefly as follows: Plaintiff has a place of business in the city of Elmira, New York, and in the city of Jersey City, New Jersey. At the New Jersey plant plaintiff's employees are members of a labor union which has been duly certified as bargaining agent at that location. At the Elmira plant there is no bargaining agent at this time, although the plaintiff has petitioned the National Labor Relations Board to hold an election to determine what union, if any, shall be recognized as bargaining agent for its employees in Elmira. No strike of the employees exists at either plant. The defendant has recently enrolled some of plaintiff's Elmira employees as members of its union. This action took place at or about the time that the acts complained of and sought to be enjoined had their beginning. The defendant has sent two of its members down to the New Jersey plant to establish a picket line and, as a result thereof, plaintiff's employees at Jersey City will not cross the picket line and operations there are at a standstill. The two men sent to New Jersey to establish the picket line were sent there by the business agent of the defendant union and are financed by that union.

Under such circumstances, does there exist a " labor dispute " in the eyes of either the Federal or State statutes? The case of *Goodwins, Inc., v. Hagedorn* (303 N. Y. 300) seems to be similar on all points and to be authority sustaining a negative answer to the question above proposed. The *Goodwins* case holds such actions on the part of a labor union to be tortious and subject to restraint by the courts of this State. The decision in that case followed a trial at which the complaint had been dismissed, and consequently no findings were made by the trial court establishing the facts which would entitle the plaintiff in that case to relief.

In the present proceeding, which is a preliminary motion pending a trial of the issue, the evidence taken on the hearing clearly establishes the facts above stated and entitles the plaintiff here to an injunction in the first instance pending a trial on the merits.

To what extent the injunction asked can be enforced is not a matter now before the court and may be subject to further consideration. Under the authority of *Goodwins, Inc.*, v. *Hagedorn* (*supra*) the right to the injunction has been established, and an injunction will issue restraining the defendant pending the trial of the action from carrying on or committing the acts complained of in the complaint.